UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CAMERON MATTHEW WEBB,

                  Plaintiff,                       Case No. 1:20-cv-1036

v.                                        Honorable Paul L. Maloney

ANDREW BUCHOLTZ et al.,

                  Defendants.
_____/

## OPINION

This is a civil rights action brought by a jail detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated at the Ionia County Jail (ICJ), located in Ionia, Ionia County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff

sues the following ICJ officials:  Undersheriff Andrew Bucholtz; Captain Jon Hess; and Sergeant Chad Merritt.

Plaintiff alleges that he was booked into ICJ on December 18, 2019, and was immediately placed in a segregated holding cell, where he remained for 14 days.  Plaintiff alleges that he had no access to a phone and no "proper hygein [sic] measures."  (Compl., ECF No. 1, PageID.3.  Defendant Merritt then moved Plaintiff to a "maximum security, solitary confinement, segregated housing unit" without providing Plaintiff any procedural due process.  (*Id.*)  Plaintiff alleges that, as of October 15, 2020, he remained housed in the segregation cell.  He claims that he has never received due process in the form of a disciplinary hearing, as required by the Fifth and Fourteenth Amendments.  He also appears to suggest that his conditions of confinement during the first 14 days in the segregated-housing unit violated his right to substantive due process.

In addition, Plaintiff alleges that he has attempted to file grievances, in order to obtain relief.  Plaintiff contends that no Defendant followed a proper grievance process.  He claims that the deprivation of a proper grievance process deprived him of his due process rights.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## II.    **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.    **Grievance process**

Plaintiff claims that Defendants have not properly followed the jail grievance process.  Plaintiff has no due process right to file a prison grievance.  The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430

3

(6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

IV. **Due process—segregation**

Plaintiff alleges that, at the time he filed his complaint, he had been held in segregation for 10 months without receiving some sort of disciplinary hearing. He therefore contends that his placement in segregation has deprived him of his right to due process.

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal

4

contraband and assault and where reclassification was delayed due to prison crowding).  Although plaintiff states that his placement in segregation has been "A-typical[]," (Compl., ECF No. 1, PageID.3.), he has made no factual allegations to support his conclusion.  The only allegation he presents regarding his segregation is that its duration had been ten months at the time of filing. The length of the placement is not determinative.  *See Jones*, 155 F.3d at 812.  Plaintiff has failed to make any allegations that support a conclusion that his segregation is "atypical and significant."

Indeed, the Court takes note that Plaintiff was charged with assaulting a prison employee on May 24, 2019.  That case remains pending in the 8th Michigan Circuit Court for Ionia County, though multiple hearings have been held in the case.  *People v. Webb*, No. 2019-17905-FH,  https://micourt.courts.michigan.gov/CaseSearch/Court/C08~1/Search?SearchText=Cameron +Webb.  On November 19, 2019, the day after Plaintiff reports he was arrested in the 2019 case, Plaintiff was charged with malicious destruction of fire or police property at the ICJ.  He was found not guilty of the offense on August 5, 2020.  *See People v. Webb*, No. 2020-17980-FH.  https:// micourt.courts.michigan.gov/CaseSearch/Court/C08~1/Search?SearchText=Cameron+Webb.

Plaintiff also was charged for misdemeanor assault or assault and battery that occurred on November 29, 2019, ten days after his arrest, and he subsequently pleaded guilty. *People v. Webb*, No. 191354SM-SM,  https://micourt.courts.michigan.gov/CaseSearch/ Court/D64A/Search?SearchText=Cameron+Webb  On February 11, 2021, Plaintiff was charged with assaulting a prison employee at ICJ on February 11, 2021.  That case remains pending, along with the other charge for assaulting a prison employee.  *See People v. Webb*, No. 2021-18225-FH; *see also* https://micourt.courts.michigan.gov/CaseSearch/Court/C08~1/Search?SearchText= Cameron+Webb.  Under these circumstances, the veracity of Plaintiff's claim that he has continued to be held in segregation without any sort of hearing is highly suspect.

5

Regardless, even assuming Plaintiff's allegations are true, the Court concludes that Plaintiff's 10-month placement in segregation fails to implicate a liberty interest entitling him to due process.

## V.    Conditions of confinement

Plaintiff contends that he was "placed in a segregated holding cell . . . [and] held in the segregated holding cell for 14 days without a phone or proper hygein [sic] measures." (Compl., ECF No. 1, PageID.3.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety."  *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993)

6

(applying deliberate indifference standard to conditions of confinement claims)).  The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37.  To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), courts routinely have held that the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).  However, in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that evaluation of the use of excessive force on pretrial detainees is conducted under the Due Process Clause of the Fourteenth Amendment, which does not include the subjective prong of the Eighth Amendment deliberate-indifference standard.  Instead, the relevant inquiry is whether the force purposely or knowingly used against the prisoner was

7

objectively unreasonable.  *Id.* at 398; *see also Coley v. Lucas Cnty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Kingsley*).

Since *Kingsley*, however, neither the Sixth Circuit nor the Supreme Court has clearly indicated whether the deliberate-indifference standard of the Eighth Amendment (requiring both objective and subjective components), which traditionally has been applied to prison detainees' conditions-of-confinement claims (such as denials of medical care or cell conditions), is affected by the holding in *Kingsley*.  In *Richmond v. Huq*, 885 F.3d 928 (6th Cir. 2018), the Sixth Circuit declined to decide whether, in the context of a failure to provide medical care, *Kingsley* eliminated the requirement of proving the subjective prong of the deliberate indifference test for pretrial detainees under the Fourteenth Amendment.  *Id.* at 938 n.3; *see also Griffith v. Franklin Cnty.*, 975 F.3d 554 (6th Cir. 2020) (declining to reach the issue, finding that allegations did not meet the recklessness standard applied by some courts after *Kingsley* to medical claims for pretrial detainees) (note contrasting view by Clay, J., dissenting); *Martin v. Warren Cnty.*, 759 F. App'x 329, 337 n.4 (6th Cir. 2020) (declining to address the question) (citing *Richmond*, 885 F.3d at 937 n.3 (6th Cir. 2018) (observing that *Kingsley* calls into serious doubt whether a pretrial detainee must demonstrate the subjective element of the deliberate-indifference standard, but not reaching the issue)).

Nevertheless, the Sixth Circuit has, in a variety of unpublished decisions, continued to apply the deliberate-indifference standard to condition-of-confinement claims by pretrial detainees, without considering *Kingsley*.  *See McCain v. St. Clair Cnty.*, 750 F. App'x 399, 403 (6th Cir. 2018); *Medley v. Shelby Cnty.*, 742 F. App'x 958, 961 (6th Cir. 2018); *see also Cameron v. Bouchard*, 815 F. App'x 978, 984–85 (6th Cir. 2020) (declining to decide whether *Kingsley* controlled jail detainees' challenge to COVID-19 precautions and holding that, at a minimum, a

violation of due process required more than simple negligence). Other circuits have split on the question. The Fifth, Eighth, and Eleventh Circuits have retained the deliberate-indifference standard when analyzing substantive due process claims that fall outside the excessive-force context. *Whitney v. City of St. Louis*, 887 F.3d 857, 860 n.4 (8th Cir. 2018) (retaining the deliberate indifference standard in medical); *Dang ex rel. Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 n.4 (5th Cir. 2017). In contrast, other courts of appeal have changed their standards in light of *Kingsley*. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

Plaintiff's allegations do not demonstrate the existence of the first prong of the deliberate-indifference standard—that Plaintiff faced an objectively serious risk of harm. The Court therefore declines to reach the question whether, after *Kingsley*, the subjective prong of the deliberate-indifference standard applies to pretrial detainees.

Plaintiff alleges that, for a period of 14 days, he did not have access to a telephone and did not have "proper hyg[ie]n[e] measures." (Compl., ECF No. 1, PageID.4.) Limitations on phone privileges, while unpleasant, do not amount to a denial of basic human needs. *See Uraz v. Ingham Cnty. Jail*, No. 1:19-cv-550, at *8 (W.D. Mich. Sept. 11, 2019); *Dallas v. Chippewa Corr. Fac.*, No. 2-17-cv-198, 2018 WL 3829203, at *5 (W.D. Mich. Aug. 13, 2018); *Allen v. Alexsander*, No. 2:16-cv-245, 2017 WL 2952929, at *5 (W.D. Mich. July 11, 2017) (citing *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011)); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008); *see also Pruitt v. Ford*, No. 17-1134-JDT-cgc, 2018 WL 4059491, at *3 (W.D. Tenn. Aug. 24, 2018) (citing *Dallas*, 2018 WL 3829203, at *5). Such allegations therefore fall well short of meeting the objective prong of the Eighth Amendment standard.

Moreover, Plaintiff's allegation that he lacked proper hygiene measures for 14 days is wholly conclusory.  As discussed, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.  Further, courts routinely have recognized that allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.  2001); *see also Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000) (denial of shower and other personal hygiene items for six days was not actionable under the Eighth Amendment); *Metcalf v. Veita*, No. 97B1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies) *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim.") (internal citation omitted)).  At best, Plaintiff alleges nothing more than temporary inconvenience in the degree of hygiene he may have preferred for a period of 14 days.  Plaintiff's allegations fail to demonstrate an objectively serious deprivation of minimal civilized levels of santitation.

As a consequence, even assuming that *Kingsley* bars the application of the subjective element of the deliberate-indifference standard to conditions-of-confinement cases involving pretrial detainees, Plaintiff's allegations fail to state a claim.

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   __March 3, 2021__                        __/s/ Paul L. Maloney__
                                                                 Paul L. Maloney
                                                                 United States District Judge